# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1179 | **DATE** | 12/28/2000 |
| **CASE TITLE** | CITY OF PERU vs. APPLIED SOLUTIONS, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Motions (19-1, 20-1 and 60-1) are granted/denied in part. Negligence claims in Counts VII and X are dismissed.**

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 19 2001 date docketed | |
| | Docketing to mail notices. | | | 72 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | JAN 18 PM 4:15 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THE CITY OF PERU, a Municipal Corporation,

Plaintiff,

v.

BOUVIER HYDROPOWER, INC., STANLEY CONSULTANTS, INC., APPLIED SOLUTIONS, INC., and IDEAL ELECTRIC COMPANY,

Defendants.

No. 00 C 1179
Judge James B. Zagel

DOCKETED
JAN 1 9 2001

## MEMORANDUM OPINION AND ORDER

Plaintiff, the City of Peru ("the City"), owned the Starved Rock hydroelectric plant which was badly damaged by fire in 1996. According to plaintiff's complaint, the fire started from an inadvertent brake application during testing of one of the plant's generators. The City of Peru sued two companies it hired to construct the plant. It also sued two subcontractors, Applied Solutions, Inc. ("Applied") and Ideal Electric Co., ("Ideal"). Before me are the subcontractors' motions to dismiss Counts VII-XII of plaintiff's amended complaint, which are claims for breach of contract, breach of warranty and negligence.

I.  Jurisdiction

Defendant Ideal seeks dismissal on jurisdictional grounds of any claims arising out of the contract between it and co-defendant Bouvier Hydropower, Inc. Ideal's contract with Bouvier contains a forum selection clause in which the parties agreed that any suit arising out of the contract must be brought in Pennsylvania. Ideal would have me find that plaintiff, a non-party to

the contract, should be subject to the subcontractors' forum selection clause because their contract was related to the construction of plaintiff's plant. I disagree.

It is true that privity of contract is not always necessary to bind an entity to a forum selection clause in an agreement. However, as this court has held in *Sparks Tune-Up Centers, Inc. v. Strong*, 1994 U.S. Dist. LEXIS 6246 *5 (N.D. Ill. 1994), "the binding thread in cases which hold that a non-signatory party should 'benefit from and be subject to' a forum selection clause is an overriding concern to prevent a contracting party from escaping contractual obligations which he bargained for and/or agreed upon." Here, the City was not a party to the contract and thus did not agree to litigate disputes arising out of it in Pennsylvania. Defendants can point to no case in which a non-party to a contract was compelled to litigate its claim in a jurisdiction identified in a forum selection clause, which he did not agree to or bargain for.

I decline to enforce the forum selection clause against the City.

II. Breach of Contract & Warranty

Plaintiff claims that it is a third party beneficiary of two contracts: one between subcontractors Ideal and Applied and one between Bouvier and Ideal. Ideal and Applied argue that the City has not set forth facts sufficient to support its third-party beneficiary theory.

Because the City was not a party to either contract involving Ideal or Applied, it may sue for breach only if defendants entered into contracts for the direct benefit of the City. Under Illinois law, there is a strong presumption that parties to a contract intend the provisions of that contract to apply only to them and not to third parties. To overcome this presumption, the subcontractors' intent to benefit the City must be evidenced by an express contractual provision

identifying the City as a beneficiary. See *155 Harbor Drive Condominium Assoc. v. Harbor Point, Inc.*, 568 N.E.2d 365, 375 (Ill. App. Ct. 1991).

Are there express provisions in either contract identifying the City as beneficiary? At this stage, it is difficult to tell. I still do not have a complete copy of either contract before me. Plaintiff did not attach the contracts to its amended complaint because it says it was not in possession of them when it filed the amended complaint, and at present it has only "portions" of the contracts. (Plaintiff attached portions of written agreements between Applied and Ideal and between Bouvier and Ideal to its brief in opposition to defendants' motions to dismiss).

Looking to what I have of the contract between Ideal and Bouvier, I find that plaintiff has adequately stated its claim against Ideal under its third party beneficiary theory. The contract appears to confer certain benefits upon the City. It states that the City will receive a software license for all software provided under the contract; it allows the City to extend Ideal's warranty in certain circumstances; and it gives the City the power to determine when representatives from the Ideal are required during the installation process. Discovery may reveal that the circumstances under which the contract was formed further support plaintiff's third party beneficiary theory.

Plaintiff has also stated a claim against Applied. Plaintiff cites a portion of the contract between Ideal and Applied in which Applied agrees to reimburse the City for the cost of defects in its equipment. This is sufficient to withstand a motion to dismiss.

III.  Negligence

Next, I must consider whether plaintiff's claims against defendants Applied and Ideal are barred by the economic loss doctrine.

In my July 31, 2000 order I dismissed plaintiff's negligence claim against defendant Stanley, relying upon the Illinois Supreme Court's interpretation of the economic loss doctrine in *Trans States Airlines v. Pratt & Whitney Canada, Inc.*, 682 N.E.2d 45, 55 (Ill. 1997). Pursuant to *Trans States*, recovery under the exception to the economic loss doctrine is limited to damage to property other than the product whose defect gave rise to the suit, that is, property that is not bargained for. Stanley was hired to provide design, consulting, and engineering services in connection with the construction of the plant. The fire damaged only the plant; no personal injury or damage to property other than the plant was alleged. Since the City bargained for a plant and lost a plant, it lost no more than it bargained for. I found that plaintiff was barred from recovering from Stanley in tort under the economic loss doctrine.

Unlike Stanley, the subcontractor defendants were not contracted to provide services with respect to construction of the entire hydroelectric plant. Ideal provided electrical generators while Applied provided services in connection with the installation and operation of software systems. Plaintiff asks me to find that since the subcontractors worked on only certain component parts of the plant, all other property in the plant constitutes "other property" for which plaintiff can recover in tort.

To determine whether a defective product caused damage to "other property" I must focus on the injured party's bargained for expectation. In the case at hand, the City did not bargain separately for electrical generators or software. It bargained for a plant. It was foreseeable that defective component parts could result in damage to the whole plant, and the City could have bargained in consideration of such risks. See *Metropolitan Property and Casualty Insurance Co. v. James McHugh Construction*, 1999 WL 971283 (N.D. Ill.

4

1999)(economic loss rule prevented plaintiff from recovery in tort for damage done to the house of which a defective sprinkler system was a component part). The economic loss doctrine applies to the subcontractors' products and services just as it did to Stanley's services; plaintiff is barred from recovering in tort the cost of damage to its plant under the economic loss doctrine.

IV. Conclusion

Defendants' motions to dismiss are granted in part and denied in part. I grant defendants' motions to dismiss plaintiff's negligence claims (Counts VII and X). The claims for breach of contract and warranty (Counts VIII, IX, XI, and XII) remain.

ENTER:

James B. Zagel
United States District Judge

DATE: DEC 2 8 2000